UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACQLYN SMITH, ) | |
|       Plaintiff(s), ) | Case No. 2:09-cv-2142-RLH-LRL |
| vs. ) | **O R D E R** |
| CLARK COUNTY, a political subdivision, ) and municipality including its department, ) CLARK COUNTY SCHOOL DISTRICT, ) | (Motion to Reconsider–#35) |
|       Defendant(s). ) | |

      Before the Court is Defendant's **Motion for Reconsideration** (#35, filed May 6, 2011). Plaintiff filed an Opposition (#38) and Defendant filed a Reply (#39), all of which have been reviewed by the Court.

      Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

      Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. A motion for reconsideration is properly denied when it

1  presents no arguments that were not already raised in its original motion.  *See Backlund v. Barnhart*,
2  778 F.2d 1386, 1388 (9th Cir. 1985).
3       The Court finds that it committed an error in its analysis of the motion for summary
4  judgment.
5       Although motions for reconsideration are not "the proper vehicles for rehashing old argu-
6  ments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes
7  omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge,"
8  *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977), when it is brought to the Court's attention
9  that it has made an error, justice requires the Court to correct it misapplication of the facts to the law.

10          **I.  THE COURT ERRED IN DETERMINING WHAT IS THE
              DISPOSITIVE ISSUE IN THE CASE**
11

12       The Court will not rehearse the facts of this case.  They are adequately described in the
13  Court previous Order on the Motion for Summary Judgment, and in the moving papers for that
14  motion and the present motion.
15       The Court erred, in making its decision that there were remaining material issues of
16  fact, by focusing on whether the Defendant was able to "conclusively show" that "Smith has a
17  *permanent* disability precluding her from qualified individual status."  (Order, Dkt #34 at 6-7).  The
18  correct focus should have been, and will be herein, whether Plaintiff has adequately offered a
19  sufficient explanation to explain the conflict between her ADA claim and the representations and
20  findings of disability made to the Public Employees Retirement System (PERS) for which she was
21  awarded a disability retirement.  *Cf. Cleveland v. Policy Management Systems Corporation*, 526 U.S.
22  795, 806 (1999).
23       Plaintiff argued (and continues to argue) to the Court that she is only disabled from
24  performing the tasks of a Kindergarten teacher and the like, but that she is not disabled with respect to
25  the position she sought, but was not given, in accommodation of her physical limitations, in violation
26  of the ADA.

2

1    Plaintiff ignores, and caused the Court to erroneously ignore, the statutory language
2 which forms the basis for her disability retirement benefits award (and her claim).
3    Plaintiff was awarded a PERS disability retirement under NRS 286.620(1). That
4 statute has six qualifiers, **all** of which must be present for an application for disability retirement to be
5 awarded. Accordingly, in her application, Plaintiff, or her doctors on her behalf, must have asserted
6 each of these qualifiers and PERS must have found them to be established.
7    NRS 286.620(1)(c) requires that, "The member proves that the disability renders the
8 member unable to perform the duties of the member's present position **and any other position the**
9 **member has held within the past year**." (Emphasis added)
10    There is no contesting the fact that Plaintiff was working as a literacy specialist (her
11 requested position) as late as April 2008. She applied for the PERS disability retirement in August
12 2008, after taking a medical leave **because she was physically unable to perform her duties as a**
13 **literary specialist**, and was awarded the PERS disability retirement by letter dated October 23, 2008.
14 Accordingly, she held the position of literacy specialist within the past year before applying for and
15 being awarded the disability retirement.

### II. PLAINTIFF FAILS TO PROFFER A SUFFICIENT EXPLA-NATION FOR THE CONFLICT BETWEEN HER ADA CLAIM AND HER DISABILITY RETIREMENT AWARD

18    The ADA, 42 U.S.C. §12101, *et seq.*, prohibits an employer from discriminating
19 "against a qualified individual with a disability. . . ." 42 U.S.C. §12112(a). A "qualified individual"
20 is "an individual with a disability who, with or without reasonable accommodation, can perform the
21 essential functions of the employment position. . . ." 42 U.S.C. §12111(8). A plaintiff may be
22 estopped from claiming to be a "qualified individual" if they have represented themselves as disabled
23 to receive disability benefits. Such employees must be able to provide a sufficient explanation as to
24 how those representations are consistent with a finding that they are a "qualified individual with a
25 disability" to survive summary judgment. *Cleveland v. Policy Management System Corporation*, 526
26 U.S. 795, 804-805, 119 S.Ct. 1597, 1603, 143 L.Ed.2d 966 (1999).

Accordingly, where, as here, an ADA plaintiff has previously received a disability retirement, there exists a conflict between the claims. "Summary judgment for a defendant is appropriate when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial." *Celotex Corp. V. Catrett* [citations omitted]. *Cleveland*, at 806.

Here, of the three options open to her doctors in certifying her health status, the only one that would qualify for disability retirement is the one which says that the person "is unable to work." An ADA plaintiff "cannot simply ignore the apparent contradiction that arises out of the earlier [PERS] total disability claim. Rather, she must proffer a sufficient explanation." *Id.*

Where she was awarded a disability retirement on bases which include that she is "unable to perform the duties of the member's present position **and any other position the member has held within the past year**," which includes the one which forms the basis for her ADA claim, it is insufficient to simply say that she really didn't mean it, that she only meant to say that she was disabled for everything but the position she held within the past year.

**CONCLUSION**

Plaintiff's ADA claim is irreconcilable with her PERS disability retirement award and the Defendant must be awarded summary judgment.

IT IS THEREFORE ORDERED that Defendant's **Motion for Reconsideration** (#35) is GRANTED.

IT IS FURTHER ORDERED that the Court's decision in its Order , Dkt #34, is reconsidered and reversed.

IT IS FURTHER ORDERED that Defendant Clark County School District's Motion for Summary Judgment (#29) is GRANTED

Dated: September 7, 2011.

_____
Roger L. Hunt
United States District Judge