1

2

3

4

5

# UNITED STATES DISTRICT COURT

6

## DISTRICT OF NEVADA

7

* * *

8

JACQLYN SMITH,

9                    Plaintiff(s),                    Case No. 2:09-cv-2142-RLH-LRL

10          vs.                                         **O R D E R**
                                                       (Motion to Reconsider–#35)
11   CLARK COUNTY, a political subdivision,
     and municipality including its department,
12   CLARK COUNTY SCHOOL DISTRICT,

13                    Defendant(s).

14

15          Before the Court is Defendant's **Motion for Reconsideration** (#35, filed May 6,

16   2011).  Plaintiff filed an Opposition (#38) and Defendant filed a Reply (#39), all of which have been

17   reviewed by the Court.

18          Although not mentioned in any of the Federal Rules of Civil Procedure, motions for

19   reconsideration may be brought under both Rules 59(e) and 60(b).  "Under Rule 59(e), a motion for

20   reconsideration should not be granted, absent highly unusual circumstances, unless the district court is

21   presented with newly discovered evidence, committed clear error, or if there is an intervening change

22   in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

23          Under Rule 60(b), a court may relieve a party from a final judgment, order or

24   proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

25   evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other

26   reason justifying relief from the judgment.  A motion for reconsideration is properly denied when it

1

1    presents no arguments that were not already raised in its original motion.  *See Backlund v. Barnhart*,

2    778 F.2d 1386, 1388 (9th Cir. 1985).

3            The Court finds that it committed an error in its analysis of the motion for summary

4    judgment.

5        Although motions for reconsideration are not "the proper vehicles for rehashing old argu-

6    ments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes

7    omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge,"

8    *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977), when it is brought to the Court's attention

9    that it has made an error, justice requires the Court to correct it misapplication of the facts to the law.

10            **I.  THE COURT ERRED IN DETERMINING WHAT IS THE
                 DISPOSITIVE ISSUE IN THE CASE**

11

12            The Court will not rehearse the facts of this case.  They are adequately described in the

13    Court previous Order on the Motion for Summary Judgment, and in the moving papers for that

14    motion and the present motion.

15            The Court erred, in making its decision that there were remaining material issues of

16    fact, by focusing on whether the Defendant was able to "conclusively show" that "Smith has a

17    *permanent* disability precluding her from qualified individual status."  (Order, Dkt #34 at 6-7).  The

18    correct focus should have been, and will be herein, whether Plaintiff has adequately offered a

19    sufficient explanation to explain the conflict between her ADA claim and the representations and

20    findings of disability made to the Public Employees Retirement System (PERS) for which she was

21    awarded a disability retirement.  *Cf. Cleveland v. Policy Management Systems Corporation*, 526 U.S.

22    795, 806 (1999).

23            Plaintiff argued (and continues to argue) to the Court that she is only disabled from

24    performing the tasks of a Kindergarten teacher and the like, but that she is not disabled with respect to

25    the position she sought, but was not given, in accommodation of her physical limitations, in violation

26    of the ADA.

1    Plaintiff ignores, and caused the Court to erroneously ignore, the statutory language

2    which forms the basis for her disability retirement benefits award (and her claim).

3    Plaintiff was awarded a PERS disability retirement under NRS 286.620(1).  That

4    statute has six qualifiers, **all** of which must be present for an application for disability retirement to be

5    awarded.  Accordingly, in her application, Plaintiff, or her doctors on her behalf, must have asserted

6    each of these qualifiers and PERS must have found them to be established.

7    NRS 286.620(1)(c) requires that, "The member proves that the disability renders the

8    member unable to perform the duties of the member's present position **and any other position the**

9    **member has held within the past year**." (Emphasis added)

10    There is no contesting the fact that Plaintiff was working as a literacy specialist (her

11    requested position) as late as April 2008.  She applied for the PERS disability retirement in August

12    2008, after taking a medical leave **because she was physically unable to perform her duties as a**

13    **literary specialist**, and was awarded the PERS disability retirement by letter dated October 23, 2008.

14    Accordingly, she held the position of literacy specialist within the past year before applying for and

15    being awarded the disability retirement.

16    **II.  PLAINTIFF FAILS TO PROFFER A SUFFICIENT EXPLA-**
     **NATION FOR THE CONFLICT BETWEEN HER ADA CLAIM**
17    **AND HER DISABILITY RETIREMENT AWARD**

18    The ADA, 42 U.S.C. §12101, *et seq.*, prohibits an employer from discriminating

19    "against a qualified individual with a disability. . . ."  42 U.S.C. §12112(a).  A "qualified individual"

20    is "an individual with a disability who, with or without reasonable accommodation, can perform the

21    essential functions of the employment position. . . ."  42 U.S.C. §12111(8).  A plaintiff may be

22    estopped from claiming to be a "qualified individual" if they have represented themselves as disabled

23    to receive disability benefits.  Such employees must be able to provide a sufficient explanation as to

24    how those representations are consistent with a finding that they are a  "qualified individual with a

25    disability" to survive summary judgment.  *Cleveland v. Policy Management System Corporation*, 526

26    U.S. 795, 804-805, 119 S.Ct. 1597, 1603, 143 L.Ed.2d 966 (1999).

1    Accordingly, where, as here, an ADA plaintiff has previously received a disability

2    retirement, there exists a conflict between the claims.  "Summary judgment for a defendant is

3    appropriate when the plaintiff "fails to make a showing sufficient to establish the existence of an

4    element essential to [her] case, and on which [she] will bear the burden of proof at trial."  *Celotex*

5    *Corp. V. Catrett* [citations omitted].  *Cleveland*, at 806.

6    Here, of the three options open to her doctors in certifying her health status, the only

7    one that would qualify for disability retirement is the one which says that the person "is unable to

8    work."  An ADA plaintiff "cannot simply ignore the apparent contradiction that arises out of the

9    earlier [PERS] total disability claim.  Rather, she must proffer a sufficient explanation."  *Id.*

10   Where she was awarded a disability retirement on bases which include that she is

11   "unable to perform the duties of the member's present position **and any other position the member**

12   **has held within the past year**," which includes the one which forms the basis for her ADA claim, it

13   is insufficient to simply say that she really didn't mean it, that she only meant to say that she was

14   disabled for everything but the position she held within the past year.

### CONCLUSION

16   Plaintiff's ADA claim is irreconcilable with her PERS disability retirement award and

17   the Defendant must be awarded summary judgment.

18   IT IS THEREFORE ORDERED that Defendant's **Motion for Reconsideration** (#35)

19   is GRANTED.

20   IT IS FURTHER ORDERED that the Court's decision in its Order , Dkt #34, is

21   reconsidered and reversed.

22   IT IS FURTHER ORDERED that Defendant Clark County School District's Motion

23   for Summary Judgment (#29) is GRANTED

24   Dated: September 7, 2011.

25

26   Roger L. Hunt
     **United States District Judge**

4