1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\* \* \***

| | | |
|---|---|---|
| JACQLYN SMITH, | ) | Case No.: 2:09-cv-02142-RLH-LRL |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| vs. | ) | (Motion for Reconsideration–#54; |
| | ) | Motion for Attorney Fees–#55) |
| CLARK COUNTY, a political subdivision, and | ) | |
| municipality including its department, CLARK | ) | |
| COUNTY SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiff Jacqlyn Smith's **Motion for Reconsideration** (#54, filed Sept. 21, 2011).  The Court has also considered Defendant Clark County School District's (the "School District") Opposition (#57, filed Oct. 7), and Smith's Reply (#63, filed Oct. 17).

Also before the Court is the School District's **Motion for Attorney Fees** (#55, filed Sept. 22).  The Court has also considered Smith's Opposition (#58, filed Oct. 9), and the School District's Reply (#64, filed Oct. 19).

## BACKGROUND

The Court need not rehash the facts of this case as they are sufficiently described in the Court's previous orders.  (*See* Dkt. #34, Order.)  Simply put, this is a disability discrimination case brought under the Americans with Disabilities Act ("ADA").  The Court initially denied summary judgment in this case, but after reconsideration, granted summary judgment in the

School District's favor.  Now, Smith seeks reconsideration of that grant of summary judgment and the School District seeks attorney's fees.  For the reasons discussed below, the Court denies both motions.

## DISCUSSION

### I.      Motion for Reconsideration

#### A.      Standard

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b).  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.  *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).  *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

#### B.      Analysis

In this case, Smith asserts that the Court committed clear error in its analysis and grant of the School District's motion for reconsideration and the Court's grant of summary judgment.  (*See* Dkt. #51, Order.)  However, Smith is merely rehashing her prior arguments, which the Court found unpersuasive.  Thus, the Court denies Smith's motion.

AO 72
(Rev. 8/82)

**II.     Motion for Attorney Fees**

     **A.     Standard**

         Civil rights statutes generally allow the prevailing party an award of attorney's fees. However, when the defendant is the prevailing party, fees are limited to when the plaintiff's claims were "unreasonable, frivolous, meritless, or vexatious." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  Also, where bad faith is present, it is more likely that a court will assess attorney's fees against a losing plaintiff. *Id.* at 422.  The Ninth Circuit applies the *Christianburg* standard in ADA cases. *Summers v. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997).

     **B.     Analysis**

         The Court initially denied summary judgment in this case and only on reconsideration granted summary judgment in the School District's favor.  While the Court determined that the law was clearly in the School District's favor based on the facts presented by both parties, that does not make Smith's arguments unreasonable, frivolous, meritless, or vexatious.  The Court finds that this case does not meet the high standard for attorney's fees for prevailing defendants set by *Christianburg*.

<strong>CONCLUSION</strong>

         Accordingly, and for good cause appearing,

         IT IS HEREBY ORDERED that Smith's Motion for Reconsideration (#54) is DENIED.

         IT IS FURTHER ORDERED that the School District's Motion for Attorney Fees (#55) is DENIED.

         Dated: January 25, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**